EASTERN DIST.
May, 1840.
―――――――
UNION BANK
vs.
SLIDELL.
which he had taken possession ; that at the time of the sale to plaintiff, the defendant had already erected a house, worth about one thousand dollars, on the lot which he now seeks to take away from her, as having been purchased by him for one hundred and fifty dollars.   Upon the whole, the evidence establishes, beyond any doubt, the error alleged by defendant, and the shameful bad faith of plaintiff in attempting to take advantage of it.

It is, therefore, ordered, that the judgment of the District Court be affirmed, with costs.

## UNION BANK vs. SLIDELL.

APPEAL FROM THE COURT OF THE FIRST DISTRICT, JUDGE BUCHANAN PRESIDING.

Where payment of the *second,* instead of the first note, is made in error, the mistake may be proved by witnesses, and the error corrected, without affecting the liability of any of the parties to the note.

The payment being made in error, did not extinguish the obligation evidenced by the note, nor the mortgage which was its accessory.

This is an action against the maker of a promissory note, secured by mortgage.

The defendant admitted his signature, but averred that the note was extinguished by payment made by H. G. Schmidt, who had assumed the payment thereof; that the mortgage given by Schmidt on assuming the payment, was cancelled and extinguished, or, if not extinguished, the right was so impaired by *stamping the note as paid,* as to prevent any recourse thereon by the executory proceeding.   He avers he is discharged from all liability, and prays to be dismissed.

EASTERN DIST.
*May,* 1840.

UNION BANK
*vs.*
SLIDELL.

The evidence showed that the note in question was given, with another of the same tenor and amount, for the purchase of property ; but the first was payable the 27th February, 1837, and the other, 27th February, 1838. H. G. Schmidt afterwards purchased the same property, and *assumed* the payment of these notes, with mortgage to secure payment.

The two notes were discounted in bank, and by an error of the clerk, both were placed on the books as due on the same day, and given to the clerk who receives payment of notes discounted, or deposited in bank for collection.

Schmidt came, on the 27th February, 1837, to pay the note of Slidell, which became due on that day, and the clerk gave him the note of February, 1838 ; it was *stamped as paid,* on its face, and on the back was endorsed " received payment, of H. G. Schmidt," and signed by the note clerk. On the close of the day, the other note of Slidell being due, and remaining unpaid, and he having a larger amount to his credit in bank, he was debited with the amount of the note, and was credited with the amount of the other one paid by Schmidt. Some days afterwards, Slidell was notified that his account was overdrawn, which, on examination, was found to proceed from charging him with the first note which was due. He stated that Schmidt was bound to pay those notes, and had the entry in the bank book corrected crediting his account, and debiting the account of the person who had got the note discounted, with its amount. Schmidt being informed of the mistake, applied to the note clerk who gave him the discounted note, and received back the note not then due, but which had been *stamped and receipted as paid,* through error, and which is the subject of the present suit. Before this note became due, Schmidt was insolvent, and made a *cessio bonorum.*

There was a bill of exceptions taken by the defendant's counsel, to the opinion of the judge, admitting parole evidence to show that the note had been paid through error, and also to show generally the circumstances under which it had been stamped and receipted as paid.

Judgment was given for the amount of the note against the defendant; but the plaintiff was required to give security to warrant the defendant against any loss or delay, in the prosecution of his claim against Schmidt, occasioned by the erroneous stamping and receipting said note. The defendant appealed.

*Derbigny,* for the plaintiff.

*T. Slidell,* contra.

*Martin, J.,* delivered the opinion of the court.

The defendant is appellant from a judgment on his promissory note.

It appears he made two notes of sixteen hundred dollars each, payable on the same day and month of the years 1837 and 1838, which were lodged in the bank for collection. Schmidt, who had assumed the payment of these notes, called at the maturity of the first, and paid it. Through mistake the clerk handed him the note payable in 1838, after having *stamped it as paid.* At the closing of the bank on that day, the other note being still there, was taken up as a check, the defendant having sufficient funds in bank to meet it. Having drawn a check for the balance which he supposed to be in bank at his credit, and being ignorant that this balance had been reduced by taking up this note as a check, information was sent to him that he had overdrawn. The defendant came to the bank, and discovering the cause of the reduction of his balance, he insisted on the correction of the mistake, and had the rightful balance reinstated. In the mean time, Schmidt having discovered that he had

received the second, instead of the first note, claimed and received the first note on returning the second, at the maturity of which, Schmidt having failed, the defendant refused to pay it, on the ground that Schmidt having the faculty of paying, and having actually paid this note by anticipation, the bank had no right, without the defendant's consent, to annul this payment and to revive his liability. He further contended, that the payment of the note being secured by mortgage in the notarial act by which Schmidt had assumed

its payment, the stamp put on it by the bank, deprived him of the faculty of obtaining an order of seizure and sale in the usual manner; and his remedy against the estate surrendered by Schmidt might be affected or impaired by the circumstance of the note not having been placed on the bilan.

It appears to us the District Court did not err, as it provided that the plaintiff, before taking out execution, should furnish to the defendant a bond with good security in a sum ·exceeding the amount of the note, to indemnify him against any loss in prosecuting his claim against Schmidt's estate, occasioned by the erroneous stamping of the note sued on.

The failure of Schmidt absolutely deprived the defendant from any resort to an order of seizure and sale; therefore, the stamp erroneously put on the note did not place him *in duriori casu.* It is evident that the payment made by Schmidt of the second, instead of the first note, was made in error, and therefore did not extinguish the obligation of which this note is the evidence, nor the mortgage, which is its accessory. This error was properly proved by witnesses.

The payment being made in error, did not extinguish the obligation evidenced by the note, nor the mortgage which was its accessory.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.