VICKSBURG, SHREVEPORT & TEXAS RAILROAD *v.* A. C. McKEAN.

Parol declarations made by officers of a company on public occasions, if admissible at all to invalidate a subscription for stock, cannot avail a subscriber who does not show that such declarations amounted to fraud on the part of the company, inducing error on his own part when he subscribed.

The Act incorporating the Vicksburg, Shreveport and Texas Railroad Company, required the company to commence the work in sections as nearly simultaneously as may be, and pointed out where the sections should begin, and in what direction the work should be carried on. It contained a proviso that the stock subscribers in each parish or corporation, or a majority in amount should have the right to designate on what section of the road they desired their stock subscriptions to be used. Defendant, when sued for his stock subscription, offered to prove that the company had abandoned the idea of working on one section, and had determined to appropriate the funds of the company to work on another section. *Held :* That the evidence was properly rejected for the defence set up, could not avail defendant.

A stock subscriber who had not paid his five per cent. at the time of subscribing, could not avail himself of the plea that the charter required it to be paid at the time of subscribing, and in default thereof, declared his subscription forfeited—for it was his duty to make the payment, and to sustain such a defence, would be to permit a party to avail himself of his own wrong.

APPEAL from the District Court of Ouachita. *Richardson,* J.

*McGuire & Ray,* for plaintiff. *Ludeling,* for defendant and appellant.

MERRICK, C. J. The defendant subscribed to forty shares of stock in the Vicksburg, Shreveport and Texas Railroad Company. At the time of subscription, the defendant did not pay the five per cent. upon the subscription as contemplated by the third section of the original Act, recited in the preamble of the Act of 28th April, 1853, incorporating said company. Acts 1853. p. 183.

The defendant being in arrearages on the instalments called in, to the amount of $550 00, the present action was instituted to enforce the collection of the same.

The defendant resists the present action in this court, on three grounds, viz:

1st. That he never subscribed for the stock on the terms stated in the charter of the company, or in the petition of the plaintiffs.

2d. That the plaintiff has altered the contract (if there be a contract) without defendant's consent.

3d. That the defendant did not pay the five per centum which he afterwards learned was necessary to render his subscription valid.

I. On the first part, the defendant produces the testimony of *Patrick,* who says, "I was present at the Railroad meeting at Forksville, referred to in defendant's answer. The defendant made a speech against the Railroad tax. I have no distinct recollection what Col. Coleman, (the president) did say, as it has been a long time since, but *it is my opinion he said that if the tax was carried, the tax would be deducted from their subscriptions, and if it was not carried they would not have their subscriptions to pay.* He said so, as well as I recollect, a considerable time after waiting for persons to subscribe. *It was after Coleman said this that A. C. McKean subscribed.*"

This testimony was excepted to by the counsel for the plaintiff, on the ground that what was said at the time or before the defendant subscribed, the charter could not be received to vary the written contract, and that the president or the company could not, nor could any stockholder, or any other persons, alter the conditions for the subscription of stock.

If admissible, the testimony on this branch of the defendant's case, is very unsatisfactory. It is only a matter of opinion with his witness, while other intelligent witnesses heard nothing of the kind in the speech referred to.

If parol declarations as understood by witnesses to have been made by officers of a company on public occasions, can be given in evidence to invalidate the subscription of stock, there will be very little security to those who loan money or render assistance to institutions of this kind. The defendant has not shown that fraud on the part of the company, inducing error on his own part which after this lapse of time will entitle him to relief.

II. The twenty-first section of the original Act, required the company to commence the work in sections as nearly simultaneously as may be; one section to commence on the Mississippi River and run west, one section to commence on the Ouachita River and run either east or west, or both, as may be thought best, and one section to commence on Red River, and to run east or west, or both, as may be thought best; *provided* the stock subscribers in each parish or corporation, or majority in amount, shall have the right to designate on what section of said road they desire their stock subscription to be used. On the trial the defendant offered to prove by a resolution of the company, that the board of directors "had abandoned the idea of working on the section of the road on the Ouachita River, and determined to appropriate the funds of the company to work the section of the road commencing on the Mississippi River," but on the objection of plaintiff's counsel, the testimony was excluded. The Judge of the District Court did not err, *non constat*, but the directors were instructed where to commence the work by the stockholders under the proviso above recited. If that were not the case, and the 1st section of the Act should be considered as imperative, instead of being simply directory, it would not benefit the defendant's case. It might possibly give rise to a proceeding on the part of the government to cause the charter of the company to be forfeited, but it could not relieve a stockholder from his subscription of stock. 2 Rob. 213.

III. We do not understand the charter of this company to declare the subscription of stock to be absolutely void for the non-payment of the five per cent., directed to be paid at the time of subscribing each share.

It was the duty of the defendant to have paid it, and it is a rule of law that no man should be permitted to take advantage of his own wrong. *Canal Bank* v. *Holand.* 5 Ann. 365. *Red River Railroad Company* v. *Young.* 6 Rob. 40.

The testimony of *Morrison* a stockholder, was under the statute admissible, and on the whole we think the case is clearly with the plaintiff, and that the judgment of the lower court should be affirmed.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be affirmed with cost.