(36 South. 352.)

No. 14,947.

CUMBERLAND TELEPHONE & TELEGRAPH CO. v. MORGAN'S LOUISIANA & T. R. & S. S. CO.

(March 28, 1904.)

EXPROPRIATION—JURY OF FREEHOLDERS—CORPORATION—LEGAL EXISTENCE—DENIAL.

1. The provisions of the Civil Code and Revised Statutes of 1870 relative to juries of freeholders in expropriation suits have not been amended or repealed by the general jury act of 1898 (Act No. 135, p. 216). A special statute enacted on a particular matter is not affected by a general statute, subsequently enacted, on the same subject-matter, containing different provisions. Welch v. Gossens, 25 South. 472, 51 La. Ann. 852.

2. In an expropriation suit, where the legal existence of a Kentucky consolidated corporation, plaintiff, is specially denied, and the evidence shows that articles of consolidation were executed and filed in accordance with the local law, but fails to show compliance by the constitutent companies with the provisions of the Constitution of Kentucky adopted in 1891, requiring pre-existing corporations to accept the provisions of that Constitution before they shall have the benefit of future legislation, the case will be remanded for further evidence and proceedings according to law.

(Syllabus by the Court.)

Appeal from Twenty-Eighth Judicial District Court, Parish of Jefferson; Jerome Louis Gaudet, Judge.

Action by the Cumberland Telephone & Telegraph Company against Morgan's Louisiana & Texas Railroad & Steamship Company. Judgment for plaintiff, and defendant appeals. Reversed.

Howe, Spencer & Cocke (Alfred E. Billings, of counsel), for appellant. Dart & Kernan, for appellee.

LAND, J. This is an expropriation suit. Plaintiff seeks to acquire the right to erect and maintain its lines over the right of way of the defendant company.

The district court ordered a jury of freeholders to be drawn and summoned, in accordance with section 1481 of the Revised Statutes of 1870, to assess the value of the right of way to be taken.

On the day fixed for the impaneling of the jury, the defendant appeared and challenged the venire. The motion to quash was overruled, and defendant reserved its bill of exceptions. Thereupon the defendant filed exception of no cause of action and an answer. The trial resulted in a verdict for plaintiff, expropriating the right of way demanded, and assessing the damages at $30 per mile.

Defendant appealed, and has assigned errors as follows, viz.:

(1) The lower court erred in refusing to grant the defendant's motion to quash the venire, and, in compelling it to try its case before a jury illegally drawn, deprived it of its property without due process of law.

(2) The lower court erred in refusing to charge the jury that, unless they found from the evidence that the plaintiff was a duly organized corporation, they must find for defendant.

(3) The lower court erred in refusing to charge the jury that, if they found from the evidence that the plaintiff was not by its charter and by the laws of Kentucky authorized to expropriate property, it had no power to do so, and they must find for the defendant.

(4) The lower court failed utterly to charge the jury on any branch of the law applicable to the case.

1. The jury was drawn, as is usual in expropriation proceedings, in accordance with the provisions of section 1481 of the Revised Statutes of 1870, and article 2632 of the Civil Code of Louisiana.

Defendant's contention is that said section

and article have been repealed by Act No. 135, p. 216, of 1898, providing for the drawing of juries for the trial of civil and criminal cases, and consequently that expropriation suits are triable by jurors in the same manner as other causes. The act of 1898, it is argued, does not require that a juror should be a freeholder, and repeals all laws in conflict with its provisions.

Defendant's counsel cites the case of Warren v. McDonald, 32 La. Ann. 989, as holding that section 1426 of the Revised Statutes. providing the manner of drawing juries in contested election cases, was repealed by Act No. 44, p. 55, of 1877, the general jury law then in force. The court in that case held that the said section was amended in so far as it imposed the duty of drawing juries in contested election cases on certain officers therein named.

But it has never been held or even contended that the jury act of 1877 repealed or amended section 1481 of the Revised Statutes of 1870 relative to jurors in expropriation suits.

In 1890 the Legislature recognized that section as an existing law by providing for trials in vacation under its provisions. See Act No. 132, p. 174, of 1890.

Since 1855 we have had special statutes relative to the trial of expropriation suits, and general statutes relative to the trial by jury of civil and criminal cases. There is no conflict between such statutes. The most that can be said is that they contain different provisions for different cases. The lawmakers, having enacted a special statute for a particular case, will not be presumed to intend its repeal or amendment by the subsequent enactment of a general statute on the same subject-matter. Both may stand, though their provisions may be different. This question was fully and ably discussed in Welch v. Gossens, 51 La. Ann. 852, 25 South. 472.

112 LA.—10

In 32 La. Ann. 989, the court found that the provisions of the act of 1877 were in conflict with those of section 1426 of the Revised Statutes. The general rule of law recognized in Welch v. Gossens was not discussed. The motion to quash was properly overruled.

2. Act No. 124, p. 168, of 1880, confers the right of eminent domain on "corporations chartered or formed under the laws of this or of any other state, or under the laws of the United States, for the purpose of transmitting intelligence by magnetic telegraph or telephone."

The petition alleges that plaintiff is such a corporation, "chartered and formed under the laws of the state of Kentucky," and has complied with the requirements of the laws of the state of Louisiana in such cases made and provided.

The defendant in its answer specially denies that the plaintiff is a corporation duly incorporated, under and by virtue of the laws of Kentucky, for the objects and purposes set forth in the petition. One of the main contentions of defendant is that the evidence does not show the alleged corporate capacity of plaintiff company. In 1883 there was organized in the state of Kentucky two corporations for the purposes of erecting and operating telephone and telegraph lines, one styled the "Cumberland Telephone & Telegraph Company," and the other the "Great Southern Telephone & Telegraph Company," both having their principal place of business in the city and county of Henderson, Ky.

In 1898 articles of consolidation were executed and filed between the Cumberland Telephone & Telegraph Company, of Hopkinsville, Christian county, Ky., and the Great Southern Telephone & Telegraph Company, of Henderson, Henderson county, Ky., the new company bearing the name of the first-mentioned corporation.

In 1900 the consolidated company was con-

solidated with the Ohio Valley Telephone Company, a corporation created in 1886 by an act of the Legislature of Kentucky (1 Acts 1885–86, p. 1174, c. 511).

The legal existence of these three named separate corporations under the laws of that state is not seriously questioned, but it is urged by defendant that, subsequent to their incorporation, the state of Kentucky adopted a new Constitution, containing the following provisions: "No corporation in existence at the time of the adoption of this Constitution shall have the benefit of future legislation without first filing in the office of the Secretary of State an acceptance of the provisions of this Constitution" (section 190); that in 1893 (Acts 1891–93, p. 612, c. 171) the Legislature of Kentucky adopted a general law relating to private corporations and authorizing consolidations, but excluding from its benefits all corporations which had failed to comply with the requirements of section 190 of the Constitution of the state; and that the evidence does not show that the constituent companies which consolidated under the name of the plaintiff corporation complied with this condition precedent.

It is admitted that the evidence does not show such compliance, but it is suggested that, if necessary, the fact can be proven on another trial, and plaintiff's counsel have filed in this court documentary evidence tending to show compliance with the constitutional requirement by one of the constituent companies.

Plaintiff's counsel argues that, if the con-solidation was null, the company can stand on its original charter. But it is apparent from the evidence that the plaintiff claims to be the corporation resulting from the consolidation. In order to maintain this action as one brought by the original company, we would be compelled to decide that there has been no consolidation. This we are not prepared to do.

There has been a lawful consolidation, if the provisions of section 190 of the Constitution of Kentucky have been complied with. The evidence is silent on this subject, but shows that the existence at least of the consolidated corporation has been recognized by officials of the state government of Kentucky.

Plaintiff expresses its readiness and ability to supply the missing evidence, and this court thinks that the case should be remanded for further proceedings. The question of compliance vel non with constitutional requirements is too grave and important to be decided on inference or on plea of estoppel.

Corporations are created by law, and, when they assert rights dependent on their legal existence, they must prove compliance with conditions precedent required by the organic law of their domicile. It is unnecessary at this time to pass upon the other questions raised by the assignment of errors.

It is therefore ordered, adjudged, and decreed that the verdict and judgment appealed from be avoided and reversed, and that this case be remanded for further proceedings according to law; plaintiff and appellee to pay the costs of appeal.