(41 South. 492.)

No. 15,824.

CUMBERLAND TELEPHONE & TELE-
GRAPH CO. v. ST. LOUIS, I. M.
& S. RY. CO.

(June 4, 1906.)

1. EMINENT DOMAIN—FOREIGN CORPORATION
—LEGALITY OF ORGANIZATION.

A corporation organized under the laws of
another state, which seeks to expropriate a
right of way, must meet objection raised on
ground of illegality of its organization by prov-
ing the regularity of its organization.

2. EVIDENCE—JUDICIAL NOTICE—STATUTES OF
OTHER STATES.

Courts will not take judicial notice of
statutes under which a company is organized—
not offered in evidence and not proven.

[Ed. Note.—For cases in point, see vol. 20,
Cent. Dig. Evidence, § 51.]

3. SAME—JUDICIAL NOTICE.

The district court is without authority to
take judicial notice of proceedings in a case
in another jurisdiction.

[Ed. Note.—For cases in point, see vol. 20,
Cent. Dig. Evidence, § 65.]

4. APPEAL—THE RECORD AS MADE UP.

The appellate court, although a case has
been decided by it on appeal, will not go beyond
the record in hand to examine into the facts
of the decided case.

[Ed. Note.—For cases in point, see vol. 3,
Cent. Dig. Appeal and Error, §§ 2959, 2960.]

5. EVIDENCE — JUDICIAL NOTICE—OVERRULED
CASES.

Graham v. Williams, 21 La. Ann. 594;
Smith v. McWaters, 7 La. Ann. 147, and other
cases in which different views are expressed,
are overruled.

(Syllabus by the Court.)

Appeal from Sixth Judicial District Court,
Parish of Ouachita; Luther Egbert Hall,
Judge.

Action by the Cumberland Telephone & Tel-
egraph Company against the St. Louis, Iron
Mountain & Southern Railway Company.
Judgment for plaintiff, and defendant ap-
peals. Reversed and remanded.

Frederick Gray Hudson and William Brain-
erd Spencer (Hudson, Potts & Bernstein and
Howe, Spencer & Cocke, of counsel), for ap-
pellant. John Merritt Munholland and Dart
& Kernan, for appellee.

BREAUX, C. J. The plaintiff corporation
(organized under the laws of the state of
Kentucky) instituted this suit to expropriate
a right of way over the right of way of de-
fendant company from Monroe to Alexandria.

It owns and operates telephone lines in
Louisiana, as well as in other states of the
Union. The purpose of the expropriation is
to connect its lines with the projected line
from Munroe to Alexandria.

The plaintiff in the expropriation suit in-
troduced some testimony to show that it had
been legally incorporated, but it did not intro-
duce certain statutes essential to prove that
it had been legally incorporated.

The contention on the part of plaintiff is
that that was not essential, for the court may
take judicial notice of the statutes of Ken-
tucky, particularly by reason of the fact that,
in the case of Cumberland Telephone Com-
pany v. Morgan R. R. Co., 112 La. 287, 36
South. 352, it was proven that the plaintiff
company was legally created and organized,
and that this court, in consequence, has ju-
dicial knowledge of the laws of Kentucky on
the subject-matter; that, if there has been
any amendment or change since, the burden
was on the defendant to plead and prove the
fact of change or amendment; that under the
jurisprudence of this state the court will as-
sume, in the one case, the laws as established
in another.

The defense, in answer to plaintiff's prop-
ositions, is, in the main, that it has failed
to prove that it was a corporation legally
organized and existing under the laws of
Kentucky, and that this court would not be
sustained by well-considered jurisprudence,
were it to take judicial notice of the pro-
ceedings in a case in which the defendant
was not a party; that neither this court, nor
the district court, could take notice of pro-

ceedings never offered in evidence, nor of statutes of another state which were not offered in evidence; that there has been shown no law of Kentucky authorizing the formation of three original corporations (it seems that there were three original corporations which were merged); and that if there is any such law the companies were deficiently organized. The judge of the district court took judicial cognizance, despite defendant's objection, of the proceedings of a case in another jurisdiction, and of the statutes of the state of Kentucky.

Corporations, in order that they may have the right of expropriation, must be chartered under the laws of this, or of any other, state, or of the United States, and they must be legally organized. Foreign corporations, as well as corporations in other states, must prove that they have legal corporate existence in the state in which they are organized. Without proof of statutes under which they were organized, there is a hiatus which cannot be supplied under the rule which authorizes courts to take "judicial notice" of certain commonly well-known facts.

This was substantially decided in the 112 La., 36 South., case, cited above. The court took cognizance of the question of the legality vel non of the plaintiff corporation, and decided that it was legally organized, save that it had not been shown that section 190 of the Constitution of Kentucky had been complied with. The case was remanded to enable plaintiff to make written proof. We are here concerned only with a corporation seeking to exercise the right of eminent domain.

The next proposition with which we have to deal is, in the first place, whether the district court can take judicial notice of proceedings in another suit, in another parish, and, in the second place, whether, on appeal, this court can take judicial notice of statutes of other states, by reason of the fact that they were introduced in evidence in another case

in another court of first instance. If an affirmative view should be taken and an exceedingly broad construction given to the rule touching "judicial notice," the district court might take "judicial notice" of facts and shape its decree thereon without previous notice.

It might give occasion to the happening of the unexpected. The representative of opposing interests would be exposed to surprise. He would sometimes be uncertain as to the evidence which might be brought to bear.

The safe practice is laid down in Bouguille v. Dede, 9 La. Ann. 292, in which the court positively declined to consider a record concerning which no motion had been made to have it made part of the transcript of appeal.

The facts should be brought up after full notice to all parties concerned.

The appellate tribunal should not extend further the rule regarding "judicial notice" than is proper to follow it in the court of first instance.

There, also, the evidence, directly pertinent, should be well known to all parties in interest.

Commentators following well-considered decisions on the subject give expression to similar views. Jones on Evidence, verbo "Judicial Notice."

There are decisions of this court entirely at variance with that view.

We are constrained to overrule them as going beyond the limit intended by the rule relating to judicial notice.

We do not think that a court is bound to take judicial cognizance of the existence of statutes quoted in another and entirely different case.

A contrary opinion was expressed in Graham v. Williams, 21 La. Ann. 596.

We are compelled to dissent from the opinion just cited and every opinion which may go to upholding the view that judicial notice

may be taken of pleadings and facts in other cases.

We are compelled, in carrying out that dissent, to state that they will, from this time, be considered overruled.

Cases must be made up before the court of first instance, and the facts upon which they are based brought up properly. This does not prevent the court from taking judicial notice of historical facts, and also of notorious facts and matters concerning general government. Usually such facts come up incidentally and not directly.

They came up under a well-settled rule.

We will conclude by restating; in other words, that, as before stated, a court should not take judicial knowledge of other proceedings in other courts between other parties to serve as a basis of proof of a given fact of direct pertinency to the issues presented, and upon which to shape its decree.

Otherwise, it might arise that parties would find themselves liable under laws they never suspected as pertinent, or amenable to undreamt of proceedings. A right might be affected by unknown laws or by records previously covered by the dust of ages.

There might occasion arise when a party in interest would not know where the possibility, under "judicial notice," was about to take him.

Instead of plain sailing in a good cause there would be danger of concealed rocks and reefs.

The case will be remanded.

It is therefore ordered, adjudged, and decreed that the judgment appealed from is annulled, avoided, and reversed.

It is further, adjudged and decreed that this case be remanded, and that evidence touching the creating and organization of plaintiff company be admitted and a judgment thereafter rendered in the district court.

The appellee to pay the costs of appeal. The costs of the district court to await the final decision of that court.