# THE AHRENS & OTT MANUFACTURING COMPANY VS. JEAN B. CAIRE ET ALS.

## WRIT OF MANDAMUS ON CLERK.

The issues involved in this case are identical with those involved in Finlay, Dicks & Co., vs. Caire et als, decided this day.

Appeal from Twenty-Seventh Judicial District Court, St. James Parish.

H. Kenner, for Plaintiff and Appellant.

Pugh & Himel, Kernan & Lambremont, for Defendant and Appellee.

ESTOPINAL, J.   The issues involved herein are identical with those in Finlay Dicks & Co. Ltd. vs. Jean B. Caire et als. decided this day.

For the reasons therein assigned the preliminary writ of mandamus is rescinded and recalled and relator's application is dismissed at their costs with the understanding that upon relator's paying the clerk the legal charges for preparing, certifying and transmitting the record of appeal to this Court the clerk shall

154

thereupon comply with his duties.

Nov. 11, 1907.

Rehearing refused Dec. 9, 1907.

## ON MERITS.

1. Where parties, sued as individuals, seek to shelter themselves under the protection of Corporate rights and privileges and by virtue thereof claim exemption from personal responsibility, the onus is upon them to establish that they have become a corporation by compliance with the requirements of the law.
2. A corporation must have full and complete organization and existence as an entity, and in accordance with the law to which it owes its origin, before it can assume its franchise or enter into any kind of contract or transact any business.
3. To create corporate existence under Act No. 36 of 1888, known as the "Limited Liability Act," there must be, at least, a substantial compliance with the provisions of the law of the State governing corporations in general and as embraced in Section 685 and 686 Rev. Stat, as well as the same compliance with the specific provisions of the Act itself; and the burden of proving this compliance is upon those who, when sued individually, claim immunity under this act.

MOORE, J. Defendants, seven in number, whom the petition alleges are "associated and doing business under the style of The St. James Ice and Bottling Works," are sued for the purchase price of certain goods alleged to have been sold to them on the 27th of June, 1906.

The answer is a general denial.

The proof administered by the plaintiff Company was that the defendants constituted the Board of Directors of "The St. James Ice and Bottling Company, Limited;" that the merchandise sold, the price of which is sued for, was ordered by it through its secretary and by order of the Board of Directors for the use and benefit of said Company, and was charged to said Company by the plaintiff, and that the said Company is now in the hands of a Receiver.

A duly certified copy of the act of incorporation of "The St. James Ice and Bottling Company, Limited," together with certificate of the registry in the proper records of the Parish of St. James, the declared domicile of the Company, were introduced in evidence by defendants and received without objection.

155

Thereupon the trial judge held the defendants not personally responsible for the debt sued for and made judgment dismissing plaintiff's petition. From this judgment the latter appeals.

The sole question presented by the appeal is, have the defendants satisfactorily established that they are immune from personal responsibility for the debt sued for by reason of the protection which corporate rights and privileges give. In other words, has the corporate existence of "The St. James Ice and Bottling Company, Limited," been established?

It is not and may not be successfully disputed that when sued as partners it is for the defendants who seek to shelter themselves under the protection of corporate rights and privileges, and, by virtue thereof, to claim exemption from personal responsibility, to establish that they had become a corporation, *by complying with the requiremnts of the law.* Williams vs. Hewitt, 47 A. 1077; Vendenburg vs. Behan et als. 35 A. 636; Provident Bank vs. Saxon 116 La. 407.

In the instant cause the corporation which the defendants seek to maintain was organized under and by virtue of Act No. 36 of 1888, known as the Limited Liability Act. Its charter is in notarial form and it is dated April 29, 1905. In its form, as well as in its recitals, it conforms fully with the requirements of the acts *supra* and the laws of the State governing corporations in general and as expressed in Sec. 685 Rev. Stat.; and, as stated, the charter was duly recorded.

If this were all that the law required in order to create corporate existence under the act stated, then have the defendants fully sustained their contention that they have become a corporation.

But these are not all.

To create corporate existence under Act No. 36 of 1888, there must be a compliance, or at least a substantial compliance with its provisions. One of the provisions of the act is that the parties endeavoring to form themselves into a corporation for the purpose of carrying on any business or enterprise contemplated by the Act, shall comply "with the provisions of the laws of the State governing corporations in general." One of the several provisions of these laws requires that not only the charter, but "the *original subscription made for the purpose of organizing them* (the corporation)" shall be recorded in the office of

the recorder of mortgages at the place selected for the domicile of the corporation. Rev. Stat. Sec. 686.

Another provision of the general law is that the charter "shall be published in a newspaper at its (the corporation's) domicile, once a week, at least for thirty days * * * " Rev. Stat. Sec. 686.

A special provision of the act of 1888, *supra,* is that the name of the corporation created thereunder (the word "Limited" to be the last word of the name), shall be conspicuously displayed on the outside of the office or place of business of such corporations, and shall likewise be mentioned in legible characters in all notices, advertisements and other office publications and other writings used in the transaction of the business of such corporations, and "that the omission of the word 'Limited' in the use of the name of the corporation shall render each and every person participant in such omission or knowingly acquiescing therein, liable for any indebtedness, damage or liability arising therein."

In the instant case no evidence was introduced showing that these provisions of the law had been complied with. The defendants simply introduced in evidence the charter and rested. The charter on its face does not show the "subscription made for the purpose of organizing," and, of course, could not show that the charter published or that the corporation had complied with the provisions of the law with reference to posting its name at the office or place of business, etc. These, we are of opinion, are essential prerequisites to corporate existence. Besides this, the charter provides that the corporation "shall commence business as soon as nine thousand dollars have been subscribed." Until this has been done there is no assumption of corporate franchise, for it is a well settled proposition of law that a corporation must have full and complete organization and existence as an entity, and in accordance with the law to which it owes its origin, before it can assume its franchise or enter into any kind of contract, or transact any business. Morawetz (2nd Ed.) 746. The reason for this is, that the corporation must exist *de facto* at the time it makes a contract. It cannot do this if its incorporation either has not taken place or is at an end.

No proof that this amount has been subscribed was tendered.

For these reasons the judgment appealed from is error.

It must be stated, however, that there is not the slightest suggestion by counsel for appellant that the defendant had not, in fact, complied with the law and the terms of the charter in all the particulars above stated. The contention is simply that the defendants failed to prove compliance. The contention of the defendants' counsel is that unless the corporate existence of the St. James Ice & Bottling Co., Ltd., is attacked, on specific grounds, the defendants were not required to do more than to produce the charter and evidence of its registry, and in this view the trial judge concurred. This, as we have shown, is error. Inasmuch, however, as the defendants' counsel were apparently in good faith in their conduct of the case, and were influenced in their tender of the evidence by an erronous conception of the law, we consider it would be manifestly unjust to the defendants to condemn them to personal responsibility for the debt sued for when it is possible that they can show by proper evidence a compliance with the law and their charter, upon being given an opportunity to do so.

In Cumberland Telephone, etc., Co. vs. Morgan's La. & T. R. R. Co., 112 La. 287, and again in Ibed vs. St. Louis I. M. & S. Ry. Co., 117 La. 199, evidence was lacking to show the corporate existence of the plaintiff company whereupon the Court, although it avoided the judgments appealed from, which were in plaintiff's favor, remanded the two causes with instruction "that evidence touching the creating and organization of plaintiff company be admitted." We will do likewise in the instant cause.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from is annulled, avoided and reversed.

It is further ordered, adjudged and decreed that this cause be remanded to the lower Court for trial *de novo* according to the views herein above expressed and the law in such cases made and provided.

The appellee to pay the costs of appeal. The costs of the District Court to await the final decision of the cause.

April 6, 1908.

Rehearing refused April 20, 1908.