## NEW ORLEANS INDUSTRIAL CANAL LAND & HARBOR DEVELOPMENT CO., Inc., v. KOHLER.

### No. 14449.

Court of Appeal of Louisiana. Orleans.
Nov. 27, 1933.

Weiss, Yarrut & Stich, of New Orleans, for appellant.

Hopkins & Talbot, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit on a promissory note calling for $500, interest and attorneys' fees. The de-

fendant pleaded estoppel and res judicata, and challenged the plaintiff's ownership of the note, and finally set up his exemption from liability upon the ground that the note was given for a subscription to stock of the Equity Finance, Jnc., a corporation which is alleged to have subsequently issued additional stock without authorization to the prejudice of stockholders for worthless securities and to have otherwise mismanaged and improperly conducted the affairs of the corporation.

There was judgment below in plaintiff's favor, as prayed for, and defendant has appealed.

■ The pleas of res judicata and estoppel are based upon an alleged suit said to have been filed by the plaintiff against the defendant in the civil district court for the parish of Orleans under the No. 176635. The record in this suit was not offered in evidence and forms no part of the transcript. Defendant's counsel relies, in this respect, upon the statement that we should take judicial cognizance of the records of the civil district court. It is sufficient to say in regard to these exceptions that defendant's counsel is mistaken and that we do not take judicial notice of the records of courts of other jurisdictions. Cumberland Telephone & Tel. Co. v. St. Louis, etc., R. Co., 117 La. 199, 41 So. 492.

■ In regard to the title of plaintiff to the note in question we find the evidence quite sufficient to establish its acquisition by assignment, particularly since there is no evidence to the contrary. As to the denial of liability upon the note sued on, it appears that on August 15, 1927, the Equity Finance, Inc., the payee, intending to deliver to the Canal Bank & Trust Company for collection defendant's note due August 15, 1927, actually placed with the bank a note of defendant due one year later for the same amount, and that, when defendant paid the note, the bank stamped it paid and handed him the one which had been handed them for collection, which was not due until a year later, instead of the one which defendant thought he was paying and the payee thought it had left with the bank for that purpose. Defendant had subscribed to $2,000 of the capital stock of the Equity Finance, Inc., paying $500 in cash and giving three notes of $500 each for the remainder of the subscription. He paid two of the notes, which, with his cash payment, amounted to $1,500, leaving a balance due on the stock of $500, which he admits he has not paid. The intention of the holder of the note and of defendant, the maker, was to pay the note which was due, and the mistake which was made may be proven by competent evidence and corrected. Union Bank v. Slidell, 15 La. 314; Bloodworth v. Jacobs, 2 La. Ann. 24; R. C. C. art. 2131; 21 Ruling Case Law, verbo "Payment," § 3.

■ When an attempt was made to show the improper conduct of the officers of the corporation, counsel objected upon the ground that such evidence was irrelevant, and his objection was sustained by the trial court. We believe the evidence to have been properly excluded. Fletcher's Cyclopedia on Private Corporations, §§ 1910, 1917, and 1942; Corpus Juris, verbo "Corporations," §§ 909-915, incl.; First Municipality v. Orleans Theatre Co., 2 Rob. (La.) 209; Vicksburg, Shreveport & Tex. R. Co. v. McKean, 12 La. Ann. 638; Fairfax v. Bloch, 130 La. 761, 58 So. 563; Casanas v. Audubon Hotel Co., 124 La. 786, 50 So. 714.

We think the judgment of the trial court was correct. Consequently, and for the reasons herein assigned, it is affirmed.

Affirmed.