**PHILLIPS et al. v. ALBRECHT.** *

No. 16876.

Court of Appeal of Louisiana. Orleans.

March 21, 1938.

* Rehearing refused April 18, 1938.

Wm. Donnaud, of New Orleans, for appellant.

Spearing, McClendon, McCabe & Schmidt, of New Orleans, for appellees.

WESTERFIELD, Judge.

Miss Beulah E. Phillips and Miss Helen Block brought this suit against Irving O. Albrecht, doing business under the name of "Del Bondio Real Estate," for the sum of $106.34 and $102.30, respectively, which sums are alleged to be due plaintiffs under a verbal agreement as commissions on the sale of real estate. The defendant answer-ed and in effect denied all the allegations of the plaintiffs' petition.

The case was tried in the absence of counsel for the defendant and resulted in a judgment in favor of plaintiffs as prayed for. The defendant has appealed.

Defendant's counsel, in oral argument and in brief, somewhat feebly complains of the action of the trial court in hearing the case in his absence. We find no motion for a continuance in the record nor any other evidence upon which we might base a conclusion that the judge, a quo, abused his discretion, and no application for a new trial has been made. Saucier v. McLean, 12 La.App. 158, 125 So. 163; C. C. Elmer Tank Boiler Co. v. Art Cleaners & Dyers, 9 La.App. 5, 118 So. 773.

Defendant seeks reversal of the judgment appealed from upon the following ground:

"That there is no evidence in the record to substantiate the judgment and the plaintiffs have deliberately misstated the facts in order to force the judgment."

In this court defendant filed an exception of no cause of action based upon the contention that the petition does not allege that the defendant, Irving O. Albrecht, is a duly licensed real estate broker pursuant to the provisions of Act No. 236 of 1920. The petition does allege that the plaintiffs were "regular licensed real estate salesladies, licensed as such by the Louisiana State Real Estate Board," and conceding, without deciding, that it was necessary for the plaintiffs to allege and prove that the defendant was similarly licensed, the record contains proof to that effect which, of course, was offered without objection since defendant was unrepresented. An exception of no cause of action addressed to the form of the procedure should be filed in limine. Code of Practice, art. 344. Where an exception of no cause of action is filed in an appellate court addressed to the insufficiency of allegations, the entire record, including the pleadings and testimony adduced without objection, will be considered in disposing of the exception. If this objection had been filed below and maintained, the plaintiffs would have been entitled to amend their petition. Since the record now contains proof in support of the allegation said to be essential, and no prejudice is shown to have resulted to the defendant, it would be futile to remand the case to permit an amendment of the peti-

tion. Bearman v. Southern Bell Tel. & Tel. Co., 17 La.App. 89, 134 So. 787.

Counsel further contends that the record contains no evidence to the effect that the defendant collected the commissions on the sales, for a part of which this suit is brought. In this he is mistaken, for we find ample proof in the record that the sales were consummated through the efforts of plaintiffs and the commissions collected by the defendant.

 Finally, it is said, that there is nothing in the record which would indicate that Irving O. Albrecht was the proprietor of the business known as "Del Bondio Real Estate" and that in other cases filed against that concern there appears evidence by way of an affidavit by one of the plaintiffs in this case, declaring that J. Ulrich Albrecht and not Irving O. Albrecht was the proprietor of the business. Whatever may have been testified to by the plaintiff or any other person in other suits, the record in this case clearly indicates that Irving O. Albrecht was the proprietor of "Del Bondio Real Estate," as appears by a photostatic copy of a license issued by the Louisiana Real Estate Board under date of January 1, 1937, offered in evidence and filed in the record in this suit. This suit was brought in August, 1937, and while there is no statement in the testimony as to the exact date when the sales were made, for which commissions are claimed, the contract of employment is proven to have been entered into on June 1, 1936, consequently, the sales must have been made between that date and the time of filing of the suit. In the absence of any defense and of any testimony to the effect that the defendant was not the proprietor of the business during the six months preceding January 1, 1937, it will be presumed that he was the owner of the concern during that interval. In regard to the consideration of evidence offered in other cases between other parties in support of issues presented in the instant case, it is sufficient to say that we do not take judicial cognizance of such records. Cumberland Telephone & Telegraph Company v. St. Louis Railroad Co., 117 La. 199, 41 So. 492.

 The plaintiffs have answered the appeal and asked for 10 per cent. damages for frivolous appeal as allowed by article 907 of the Code of Practice. In our opinion, the penalty should be allowed as we find no serious ground upon which the re-

versal of the judgment appealed from is sought.

For the reasons assigned, the judgment appealed from is amended by the addition of 10 per cent. thereof as a penalty for frivolous appeal, and, as thus amended, it is affirmed.

Amended and affirmed.

JANVIER, J., absent, takes no part.

* Rehearing refused April 18, 1938.