LOTTINGER, Judge.
This is a suit for damages resulting from an accident between petitioner’s automobile and an automobile driven by defendant, Aldon Crain. Petitioner sues for damages *614 to his automobile and for recovery of his wife’s medical bills, and joins, as a party ■defendant, 'Crain’s insuror, Metropolitan ■Casualty Insurance Company of New York. A prior judgment has been recovered by petitioner’s wife against the same defendants for her personal injuries, arising out of the same accident. In the instant case, the lower court gave judgment for defendants and dismissed petitioner’s demand. The petitioner has filed this devolutive appeal.
Upon trial of the matter below, the petitioner introduced evidence to substantiate that he was required to pay bills in the sum of $594 as a result of said accident. He also introduced the police report on the accident, which report is very vague as to who was the cause of the accident. No evidence was offered by petitioner to establish the negligence of defendant, Aldon Crain. The opinion of the lower court states as follows :
“After the plaintiff’s counsel had offered this evidence the court inquired if he planned to offer the testimony which had been taken in the previous case and he replied that such was not admissible and thus was never offered. The court believes that counsel for plaintiff assumed that the court would take judicial notice of the previous testimony and it Was not necessary to offer any additional evidence to establish the fault on the part of the defendant, Crain.”
The lower court held that the petitioner had failed to sustain his burden of proving negligence on the part of defendant, and, therefore, dismissed petitioner’s claim.
In his written brief addressed to this court, petitioner claims that he failed to introduce the record of the suit by Mrs. Spencer because same had not then been returned to the District Court for execution and was not available for offering in evidence. In view of the absence of said record, petitioner claims that he adverted and referred to the former record and particularly the testimony of Mrs. Spencer, asking that the direction of the court’s attention to the former record be treated as the means by which the court would take judicial cognizance of its own records.
We have been unable to find any law in this state requiring the courts to take judicial notice of testimony adduced in different suits wherein there are different parties. LSA-Revised Statutes 13:-3723 sets forth the procedure for offering into evidence the records of other suits before the same court. In view of this act we believe, that, although records of other proceedings before a court are admissible in evidence in a subsequent suit, there must be some motion or request to that effect by the party desiring the former record to be admitted. Although the petitioner now claims in his brief that such a request was made, the transcript is void of any such offer or request and the written opinion of the lower court does not state that such a request was made, but on the contrary states that the petitioner refused to make such a request because he believed the record to be not admissible. Certainly the testimony in the former suit would have 'been admissible as evidence here if, as is now contended by petitioner, such testimony is subject to judicial notice by the court.
A similar situation was presented to the court in Phillips v. Albrecht, La.App., 179 So. 629, 631. In that case an attempt was made to have the court take judicial cognizance of an affidavit which was filed in another case against the defendant, by a different petitioner. The court said:
“In regard to the consideration of evidence offered in other cases between other parties in support of issues presented in the instant case, it is sufficient to say that we do not take judicial cognizance of such records.”
See also Cumberland Tel. & Tel. Co. v. St. Louis, I. M. & S. Ry. Co., 117 La. 199, 41 So. 492.
We find no error in the decision of the lower court, and, for the reasons assigned, the judgment of the lower court is affirmed, petitioner to pay all costs.
Judgment affirmed.