LAND, J.
The plaintiff, employed by the defendant as a helper on a drilling rig on a certain oil well in the parish of Caddo, sustained serious personal injuries in the course of his employment on March 27, 1915.
On December 1, 1915, plaintiff filed suit against the defendant to recover the sum of $20,250, as damages for the said injuries, alleged to have been occasioned by the gross negligence of the defendant in using an improper and defective derrick, in furnishing a worn and defective swivel and in placing in charge of the machinery and engine, an inexperienced man, all of which acts of carelessness contributed to and caused the aforesaid injuries, without any fault on the part of the plaintiff.
The defendant filed an exception of no right of action, which was sustained, and the suit was dismissed, for reasons assigned by the court.
On January 31, 1916, the plaintiff filed the present suit, reiterating the allegations of the petition filed in the previous suit, with the additional allegations to the effect that plaintiff did not contract expressly or impliedly with the defendant to operate under the provisions of Act 20 of 1914, and that the employment and business engaged in by the plaintiff is not controlled and determined by the provisions of said act; and the plaintiff pleaded in the alternative that, if the court should hold that said employment was governed by said Act 20 of 1914, then same is unconstitutional, null, and void for six different reasons, and further pleaded in the alternative, should the court hold said Act 20 of 1914 to be valid and applicable, then for certain compensation under its provisions.
The defendant pleaded the judgment in the first suit as res judicata, and then excepted that the second petition failed to disclose a right or cause of action both on the main demand and the alternative demand for compensation.
The plea and exception were overruled by the trial judge for reasons assigned.
A plea of prescription of six months and one year were also overruled; and on the merits a judgment for $333.41 was rendered in favor of the plaintiff. Both parties appealed.
Res Judicata.
All the facts relating to the accident of March 27, 1915, were set forth in the petition in the first suit.
The judge a quo states in his opinion that “the identical allegations” were made in the petition in the second suit; and it appears that the additional allegations in the petition in the second suit, made in the alternative, relate to Act No. 20 of 1914.
[1,2] In other words, the original suit was based on the theory that the plaintiff had a right to recover under article 2315 of the Civil Code, and this right is also claimed in the second suit. Surely this issue is concluded by the absolute judgment of dismiss *371 al rendered in this first suit. The right of the plaintiff to recover under Act No. 20 óf 1914 is the only new issue raised in the second suit.
It is obvious that an action to recover damages under O. C. art. 2315, is essentially different and distinct from an action to recover compensation under Act No. 20 of 1914; therefore the judgment sustaining the exception of no cause of action to' the petition filed in the first suit did not affect the right of the plaintiff to claim compensation under Act No. 20 of 1914.
It follows that plaintiff, having no right to recover except under the provisions of said act, has no interest in attacking its constitutionality.
We approve the judge’s reasons for allowing the plaintiff the meager statutory compensation for injuries not causing total disability.
Judgment affirmed.
SOMMERVILLE, J., takes no part.