No. ——

First Circuit

SMARDON v. BROUSSARD

(May 3, 1927. Opinion and Decree.)
(June 28, 1927. Rehearing Refused.)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Bills and Notes—Par. 98.**

Under Section 62 of Act 64 of 1904, the Negotiable Instrument Act, "a person placing his signature upon an instrument otherwise than as maker, drawer or acceptor, is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity".

2. **Louisiana Digest—Bills and Notes—Par. 148, 150.**

A plain promissory note which contains no waiver of presentment for payment. demand notice of non-payment or protest does not bind the indorser unless such notice of protest was duly given on authority.

3. **Louisiana Digest—Pleading—Par. 62. 73.**

Where a suit is dismissed on an exception no cause of action due to defective pleadings, the dismissal has the effect of dismissal as of non-suit.

Appeal from the Parish of St. Mary. Hon. James D. Simon, District Judge.

Action by W. K. Smardon against John R. Broussard.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

L. O. Pecot, of Franklin, attorney for plaintiff, appellant.

Rene H. Himel, of Franklin, attorney for defendant, appellee.

MOUTON, J. A promissory note was executed December 13, 1922. It reads in part: "Eight months after date I in solido promise to pay to the order of John R. Broussard two hundred and seventy-eight dollars at the Citizens Bank, of Jeanerette, La., etc." On its face the note is signed by Carver's Teche Rice Milling Company; and on its back is endorsed by John R. Broussard, against whom this suit is brought on the note.

In his petition plaintiff alleges that the note was executed by Carver's Teche Milling Company, and John R. Broussard, as endorser, in solido.

The defendant filed an answer, and in the alternative alleged that he was not liable on the note as endorser because the note had not been presented for payment at the Citizens Bank, of Jeanerette, at maturity, and for failure on the part of plaintiff to give defendant notice of non-payment or dishonor of the note. After issue joined the parties opened the case for trial on February 9, 1927. Plaintiff was placed on the stand as a witness, but before testifying on the merits, defendant objected to all testimonoy because the note contained no waiver of presentment for payment, protest or notice of dishonor, and for the failure of plaintiff to have alleged any such waiver. In connection with this objection defendant filed an exception of no right and no cause of action. The court maintained the exception, thus cutting out the introduction of any evidence. In the original judgment the court rendered on the exception the demand of the plaintiff was dismissed as in case of non-suit, and on a second judgment his suit was dismissed.

He appeals.

The Legislature has adopted the Law of Negotiable Instruments by Act 64 of 1904, and upon its provisions, which are amply sufficient, the issues presented in this case will be determined.

Although plaintiff alleges in his petition that the note was executed by John R. Broussard, as endorser, he, however, insists that Broussard is primarily and not secondarily bound on the note. It will be noticed that in the printed line on the face of the

note the pronoun, "we," in solido promise, is changed to the pronoun, "I". It seems to us that this change which was made in the note, though it may have been awkwardly done, indicates that the parties desired to exclude the idea that John R. Broussard, by his endorsement, was incurring a solidary obligation. However this may be, the note bears the signature of Carver's Teche Rice Milling Company on its face, as the maker, and that of defendant on its back, as endorser.

Section 62 of Act 64, 1904, says:

"A person placing his signature upon an instrument otherwise than as maker, drawer or acceptor is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity."

There are no words or expressions used in the confection of this note to give the slightest indication that defendant intended to be bound on the note in any other capacity than as an endorser. On the contrary, the fact that the change was made on the face of the note from the word we to I, and that it was signed on the back where endorsers usually place their names, should rather incline the mind to the inference that defendant intended to be bound as an endorser, and not as a maker.

Counsel for plaintiff contends that as the words "in solido" appeared on the face of the note, defendant having endorsed it, is primarily liable.

Among many other decisions upon which he relies, he cites Bonart vs. Robito, 141 La. 987, 76 South. 166, in support of this contention. In that case the court said:

"An indorser of a negotiable instrument binds himself to all of the obligations which, on the face of the note, are expressly declared to be binding upon any and all indorsers."

In that case, as appears by a copy of the note which is embodied in the decision, the signers, indorsers and guarantors, each and all, expressly bound themselves in solido on the note, and were held so bound. In this case there is no such stipulation on the face of the note to bind defendant, in solido, as an indorser. To the contrary, the note, as executed, repels the idea that defendant intended to bind himself by a solidary obligation. It may be proper to say in connection herewith that there is not on the face of the note any waiver of presentment for payment, demand, notice of non-payment or protest, so that plaintiff could have dispensed with the observance of these requirements before suing. The Carver's Teche Rice Milling Company was the party "primarily" liable on the note as it was absolutely required to pay it and defendant, as endorser, was "secondarily" responsible. Act 64, 1904, Sec. 192. Plaintiff having failed to allege that the note at maturity had been presented for payment, and that defendant had received notice of dishonor, and as there was no waiver of the note of presentment for payment, notice of non-payment, etc., we find that the exception of no cause of action was correctly maintained, and that the evidence offered by plaintiff was properly excluded. We now pass to the consideration of the next question which is as to whether the court properly dismissed the suit or should have limited its decree to a dismissal as in case of non-suit.

As we have hereinabove stated, the suit was dismissed on an exception of no cause of action for lack of essential allegations in the petition, and before any evidence whatsoever was offered on the merits. Clearly, this dismissal was grounded on defective pleadings on the part of plaintiff. A dismissal for that cause has been repeatedly held to be, in effect, a judgment of non-suit. Woodruff vs. Producers Oil Co., 142 La. 368, 76 South. 803; Carolina Portland Cement Co. vs. Southern Wood D. & F. Co., 137 La. 469, 68 South. 831. Counsel for defendant in presenting opposite views, rely with confidence particularly on the case of Laenger vs. Laenger, 138 La. 532, 70 South. 501; also on the case of Gracona, where they say the court affirmed the ruling in Laenger vs. Laenger. In the case of Laenger the court held that where an exception of no cause of action was maintained because plaintiff had omitted necessary allegations, the judgment was, in effect, one of non-suit. This is what happened in the instant case, and prior to any trial on the merits, and the ruling of the court in that case is in line with the prior rulings of the court in many other cases. In the Laenger case the court said further:

"On the other hand, a judgment, sustaining an exception of no right of action attacking the merits of the plaintiff's action, assuming that his case is stated completely in his petition, and denying that the law affords the relief prayed for, is as conclusive of the issues presented as if the judgment had been rendered after an answer filed and evidence heard."

Here, it would be a violent assumption to say that plaintiff had completely stated his case in his petition, as it is very evident that it was for the want of a complete statement that his evidence was never permitted to be introduced and heard on the merits. This case and the Laenger case are therefore essentially different, and the judgment herein must therefore be held to be one as in a case of non-suit.

It is therefore ordered, adjudged and decreed that the second judgment rendered by the lower court on February 9, 1927, is hereby amended in this respect: That instead of decreeing the dismissal of the suit, that plaintiff's suit be and is hereby dismissed as in case of non-suit which the lower court had originally decreed; and that in other respects said judgment be affirmed. Defendant to pay cost of appeal, those of the lower court to be paid by plaintiff.