No. 4195

Second Circuit
(Second Division)

———

CATALANO ET UX. v. PRITCHARD

———

(March 16, 1932. Opinion and Decree.)

———

Argued before STEPHENS, TALIAFER-RO and CULPEPPER, JJ.

Cook & Cook, of Shreveport, attorneys for plaintiffs, appellants.

Robert Roberts, Jr., of Shreveport, attorney for defendant, appellee.

CULPEPPER, J. This suit grows out of an automobile collision on Greenwood road in the city of Shreveport. Ernest Catalano and his wife, the plaintiffs, with their grandson, were traveling east in a Hupmobile roadster between 7 and 8 o'clock in the evening, October 7, 1930. Defendant, with his wife and mother-in-law, were, or had been, traveling west in a Ford car, having as his destination the plant of the National Ice Company, in front of which the collision occurred.

Mr. Catalano claims $58 for damages to his car, and reimbursement for the expense of moving it from the street. Mrs. Catalano claims $1,800 for pain and suffering, injuries to her nervous system, and shock, and $20 damages to a silk coat suit which was alleged to have been ruined. Defendant denies any negligence; set up, in the alternative, contributory negligence on the part of plaintiff, and reconvened for $59.70 damages to his car. There was judgment in favor of defendant, rejecting plaintiffs' demands, and also judgment in defendant's favor on his reconventional demand for $59.70, damages to his car. A new trial, however, was granted on plaintiff's application, and judgment was then rendered rejecting not only plaintiffs' demand but defendant's reconventional demand as well. Plaintiffs have appealed and defendant has answered the appeal and asks that judgment be rendered in his favor on his reconventional demand.

Mr. and Mrs. Catalano. and a bystander, Mr. G. Colvin, testified for the plaintiffs. Mr. Catalano testified. that when he first saw defendant's car he was from five to seven feet away. Mrs. Catalano testified that defendant's car was coming so fast her husband did not have time to get out of the way. Mr. Colvin, testifying for plaintiffs, said defendant's car was stopped waiting for traffic to go by, and that Catalano had plenty of room to pass between defendant's car and the curb.

Mr. C. L. Wynne, deputy sheriff, and Mr. W. A. Thomas, a bystander, in addition to defendant, his wife and mother-in-law, testified for the defendant. Mr. Wynne testified that he was behind Catalano's car traveling in the same direction. He heard the collision, looked up and was "not much further away than from across this building." He came up immediately after it happened. Catalano's car was about ten feet from the curb after the collision, and defendant's, Pritchard's, was headed towards the ice plant. Witnesses asked Catalano what he was doing and Catalano "said he didn't know, said he didn't see him."

W. A. Thomas was standing on the sidewalk in front of the ice house, and saw the collision. Mr. Catalano, this witness said, was going at a pretty good speed and without any lights. Mr. Pritchard was fixing to turn into the ice house, but had stopped. Catalano, he said, was looking towards the ice house. There were about twelve feet between Pritchard's car and the curb. He also heard Catalano say he didn't see Pritchard until he hit him. Mr. and Mrs. Pritchard and Mrs. Hurst, defendant's mother-in-law, testify that defendant's car had come to a stop waiting for traffic to pass so that defendant could get into the ice plant, and that plaintiff was signaling with his left hand. All of the witnesses for the defendant testify that there were lights in front of the ice plant, at the filling station, and other places on both sides of the street.

Catalano himself says that he was within from five to seven feet of the Pritchard car before he saw it; that, after he saw the defendant's car he tried to stop but was too close and they just ran together. If Catalano did not see defendant's car, as he says he did not, until he was within from five to seven feet of it, it was simply because he was not looking. He certainly could have seen it, by simply looking ahead. He is charged, therefore, with the duty of seeing what he should have seen, and what he could have seen by keeping a lookout.

A clear preponderance of the testimony shows, we think, that defendant had come to a stop with his hand out as a signal, awaiting traffic to clear so that he could move into the ice plant. He had stopped at a point where cars could go both to his right and to his left. Catalano had ample room to pass defendant's car on the right going towards the city, but instead of passing to the right, as he should have done, the testimony shows that he headed almost straight into defendant's car while it was standing still. The accident resulted, we think, solely because plaintiff's attention was momentarily diverted from what he should have been doing, that is, looking ahead. Defendant was not in any respect at fault, was using every possible precaution to avert an accident, and would have done so but for Catalano's act in running into him. It was the duty of Catalano to keep a constant lookout ahead while traveling along this city thoroughfare, and his failure to do so makes him solely to blame for the accident.

Plaintiff objected to the introduction of any evidence offered by defendant in support of defendant's reconventional demand

on the ground that "the pleadings are not sufficient to admit the proof." This objection was sustained. The pleadings on this demand are shown in paragraph 22 of defendant's answer, which reads as follows:

"Defendant further shows that, solely as the result of the said collision, his automobile was damaged, and he was forced to pay the sum of Fifty-nine and 70/100 ($59.70) dollars to restore said automobile to the condition in which it was before said collision."

While defendant did not allege specifically upon the various parts of his automobile which were damaged, and the cost incurred in repairing or replacing such parts, and, for that reason he was not permitted under the court's ruling to go into the matter of the proof fully, yet he was permitted to testify to such an extent as to indicate clearly that quite a number of the parts of the automobile were damaged.

We think, therefore, that since defendant has been proven guilty of no negligence and since it is apparent that he has in fact suffered damages to his automobile, which, under his pleadings, he was not permitted to show by proof sufficient on which to base a judgment, his demand should not be rejected, but rather that a non-suit should be entered in order that he may sue for same later, if he sees fit.

It is therefore ordered, adjudged and decreed that the judgment appealed from, in so far as it rejects the demands of the plaintiffs, be affirmed.

It is further ordered, adjudged, and decreed that the judgment as to defendant's reconventional demand be annulled and set aside, and it is now decreed that a non-suit be entered as to same.

It is further ordered that plaintiffs be condemned to pay all costs, including costs of appeal.