99 So.2d 522 (1957)
Dr. Robert E. DUPRE, Plaintiff-Appellant,
v.
CONSOLIDATED UNDERWRITERS, Defendant-Appellee, et al.
No. 4517.
Court of Appeal of Louisiana, First Circuit.
December 23, 1957.
*524 Jack C. Fruge, Ville Platte, for appellant.
Lawes, Cavanaugh, Hickman & Brame, Lake Charles, for appellee.
TATE, Judge.
This suit is by a physician to recover for medical services and hospitalization in the total amount of one thousand dollars afforded an employee injured in the course of his industrial employment. Made co-defendants were the employee and the compensation insurer of his employer.
The present appeal concerns only a judgment sustaining an exception of no cause of action filed on behalf of the latter defendant, Consolidated Underwriters. The plaintiff-appellant has filed in this court a motion to remand these proceedings to permit him to amend his petition to supply allegations needed to state other bases of his claim against the defendant insurer arising from certain information coming to his attention in the trial, on the merits, subsequent to the judgment appealed from, against the other codefendant, the injured employee himself (who is not a party to this appeal).
To this motion to remand was attached a certified copy of preliminary reasons for judgment rendered by the District Court on August 6, 1957, following the trial of the plaintiff's suit against the injured employee himself:
"Dr. Dupre testified that while the defendant was in the plaintiff's hospital an adjuster for Consolidated Underwriters called on the Doctor to tell him that they would take care of the medical expenses up to the limits of $1,000.00.
"In 1953, Marius Dupre [the injured employee] filed a suit against the third party who caused the motor vehicle accident which injured him. Consolidated Underwriters intervened alleging that they had paid $1,000.00 medical expenses incurred by Marius Dupre. The suit against the third party was compromised as was the workmen's compensation case between Marius Dupre and Consolidated Underwriters. In that compensation settlement, there was an allegation on the part of Consolidated Underwriters to the effect that they had paid $1,000.00 in medical expenses on behalf of Marius Dupre. On the basis of these allegations Marius Dupre's attorney and the defendant [employee] himself thought that Dr. Dupre's bill had been paid. The fact is that Consolidated Underwriters made a false or erroneous allegation and the settlement went through as a result of this error.
"The exception of no cause of action filed by Consolidated Underwriters (sometimes hereinafter referred to as "C.U.") was sustained because [LSA-R.S.]-23:1205 expressly prohibits an assignment of any claim under the workmen's compensation statute. This exception was orally argued prior to the trial and without the benefit of *525 the information that Consolidated Underwriters had expressly stated in other pleadings that they had paid $1,000.00 in medical expenses. In fact the only matter presented to this court in connection with Consolidated Underwriters exception was whether or not the May 5th, 1954 assignment was valid. It now appears clear that this is not the only basis of a claim against C.U. in the petition filed by plaintiff and that this court was in error when it sustained C.U.'s exception.
"The only way to correct this error is to set aside the judgment of this court dated January 3, 1957 in which C.U. was dismissed from the cause of action and order the case reset for trial. Neither of the attorneys [i. e., for the plaintiff and for the defendant employee] have expressly requested this relief, each stating that it was the duty of the other to see to it that C.U. was kept in the case as a party defendant. Since this relief was not sought, neither attorney submitted authority for this action. It may be that since the judgment dismissing C.U. was signed January 3, 1957, it is beyond this court's authority to now reopen the case as against C.U. If this be true then that judgment can be appealed and this Court is confident that the Court of Appeal will correct this Court's error in sustaining the exception filed by C.U."
We should say at this point that we think the District Court correctly dismissed plaintiff's suit against Consolidated insofar as it is alleged to have arisen through a purported assignment by the injured employee of his own claim against the defendant insurer for medical expenses incurred by reason of the industrial accident, in view of the express prohibition of LSA-R.S. 23:1205, which provides that all claims arising under the compensation act "shall not be assignable." Although in this instance, as argued, the assignment was evidently intended to be beneficial to this particular employee, we are compelled to respect this strict legislative prohibition, for reasons of public policy, of all such assignments, cf. Larson, Workmen's Compensation Sections 2.60, 58.40.
But in addition to any alleged right to collect the medical expenses arising from the attempted assignment, plaintiff alleged in its original petition, Article 9:
"Your petitioner further alleges on information and belief that a settlement was made between Marius Dupre and Consolidated Underwriters compromising the claim of Marius Dupre, against Consolidated Underwriters and in said settlement the matter of medical expenses, hospitalization and medicants were included therein and therefore both Marius Dupre, and Consolidated Underwriters are in solido justly and truly indebted unto your petitioner in the full sum of One Thousand and No/100 ($1,000.00) Dollars."
As can be seen from the facts set forth in the second paragraph of the trial court's reasons for judgment quoted at length above, from the circumstances of the execution of the compromise between the employee and the defendant insurer could arise a direct obligation of the defendant-appellee to plaintiff as a third-party beneficiary of a stipulation for his benefit, Article 1890, LSA-C.C.; Cummings v. Albert, La.App. 1 Cir., 86 So.2d 727; or possibly of a cause of action founded upon a judicial confession of such liability, Article 2291, LSA-C.C., or detrimental reliance thereupon.
These causes of action are comprehended within the vague allegations of Article 9 of plaintiff's petition above-quotedalthough the allegation itself is so vague as to constitute a mere conclusion of the pleader which need not have been accepted as correct for purposes of passing upon the exception, Le Blanc v. Danciger Oil & Refining Co., 218 La. 463, 464, 49 *526 So.2d 855. We think, however, the recent jurisprudence clearly calls for our remanding the suit to permit plaintiff to amend his petition to state these causes of actions insufficiently alleged, although indicated, by the original petition.
As the Supreme Court stated, "The modern trend of liberality in upholding substantive rights instead of subtle technicalities is to allow amendments to petitions that fail to state a cause of action due to insufficient allegations," Douglas v. Haro, 214 La. 1099, 39 So.2d 744, 745. In the Douglas case, the Supreme Court, upon its own initiative and in the interests of justice, remanded the case in order that the plaintiff might implead a party necessary to the case "in order to render substantive justice and to avoid a multiplicity of suits," 39 So.2d 745.
Likewise, in Doyle v. Thompson, La.App. 1 Cir., 50 So.2d 505, with our distinguished predecessor Judge Dore as its organ, this Court reversed a judgment sustaining an exception of no cause of action in order to permit the plaintiff to amend its petition, even without a formal motion by plaintiff (as here) for permission to do so, when it appeared from plaintiff's brief that additional facts could be alleged to supply the cause of action. See Bourgeois v. Le Blanc, La.App. Orleans, 72 So.2d 777, for a similar ruling.
A more troublesome question is presented as to whether plaintiff, on the remand, should be permitted to amend his petition to stateas well as the third-party beneficiary causes of action which amount to amplification of the allegations of the quoted paragraph 9 of his petitionthe cause of action indicated by the first paragraph of the trial court's reasons for judgment above set forth: the direct obligation of defendant insurer for these medical expenses arising from the alleged authorization by its agent to the plaintiff physician to furnish them to the injured employee. See O'Ferrall v. Nashville Bridge Co., 165 La. 963, 116 So. 399; Gardiner v. Cleveland Motors, La.App. 1 Cir., 16 So.2d 544; Webb v. Shreveport Packing Co., La.App. 2 Cir., 180 So. 843.
Article 419, Code of Practice, permits amendment by leave of court only when "the amendment does not alter the substance of his demand by making it different from the one originally brought." (Italics ours.)
It should be noted, first, that the "demand" of the suit is not synonymous with the "cause of action(s)" therein, cf., Quarles v. Lewis, 226 La. 76, 75 So.2d 14. The demand is the object of the suit, see Article 137, C.P.; De Lee v. Price, La.App. 1 Cir., 94 So.2d 79,in this case the demand for a monied judgment of one thousand dollars. A cause of action is "the situation or state of facts which entitles a party to sustain an action", i. e., which gives him "a right to judicial interference in his behalf," Hope v. Madison, 192 La. 593, 188 So. 711, 715in this case, the facts of the compromise settlement from which might arise the third-party beneficiary actions in plaintiff's favor, and/or the fact of the alleged authorization by defendant-appellee's agent to plaintiff to treat the injured employee entitling plaintiff to recover for medical services afforded per such authorization.
Having noted this distinction, it must nevertheless be frankly admitted that the jurisprudence reflects considerable confusion as to what may alter the substance of the demand and that many of the cases cannot be reconciled with one another; see, for instance, the comment in the symposium "Work of the Supreme Court", 7 La.L.Rev. 165 at 267. There is, on the one hand, a line of jurisprudence which applies the test of the classic case of Southport Mill v. Friedrichs, 167 La. 101, 118 So. 818, 820, to the effect that amendment is permitted when it "does not change the original relief asked for" by the prayer, 118 So. 820, even though based upon another cause of action, see, e. g., Labarre v. *527 Rateau, 210 La. 34, 26 So.2d 279; cf. Holley v. Butler Furniture Co., 217 La. 8, 45 So.2d 747, 748-749. But likewise there are cases such as Barbe v. City of Lake Charles, 216 La. 871, 45 So.2d 62, at page 67 (syllabi 8, 9), which justify refusal to permit amendment to assert a different cause of action although praying for the same relief.
In perhaps the most recent expression by our Supreme Court concerning this question, stating that "our modern-day tendency is to relax the technical rules of pleading in order to arrive at the truth, afford a litigant his day in court and avoid a miscarriage of justice," 230 La. 231, 88 So.2d 37, the trial court was reversed in its refusal to allow a plaintiff to amend his petition after issue joined, in order to seek recovery for items of defective performance additional to those specified by the original petition in this suit for damages arising from defective performance of a building contract. Breaux v. Laird, 230 La. 221, 88 So.2d 33. See also Brocato v. T. S. C. Motor Freight Lines, La.App. Orleans, 22 So.2d 480, certiorari denied; cf., Wade v. Calcasieu Paper Co., 229 La. 702, 86 So.2d 540.
Giving a broad construction to the codal article in accordance with this modern tendency to liberally construe procedural rules so as to permit amendment, avoid a multiplicity of suits, and give litigants their day in court, we do not think plaintiff's demand against defendant-appellee is changed herein if he is permitted to plead any facts by which defendant is allegedly also liable, in addition to those originally pleaded: for the "substance of his demand", see Article 419 C.P., for which suit is brought under any of the factual situations remains the recovery sought for the identical medical expenses.
And so we think the present suit should be remanded so as to permit plaintiff to assert by amendment not only such third party beneficiary causes of actions as might fairly be said to be justified by the allegations of Article 9 of his petition, but also any other cause of action he would initially have been permitted to assert herein or to cumulate against this same defendant, Articles 148, 149, 151, 152, Code of Practice. And when the law permits such cumulation, it would seem more sensible to have all causes of action arising out of the plaintiff's having furnished the same medical treatment disposed of in the same suit, in which all the interested parties are joined, rather than requiring plaintiff to assert in separate actions various causes of action against the same defendant arising out of this same basic circumstance.
For even if we did not allow plaintiff full amendment in the present suit, our failure to afford it would not preclude plaintiff's assertion of this cause of action by another separate suit. While there are doctrines that a plaintiff may waive a cause of action by electing to pursue an inconsistent one by an earlier suit, Brown v. Lancaster, 218 La. 1036, 51 So.2d 617, or by an earlier suit attempting to split his cause of action and to assert only part thereof, cf. Quarles v. Lewis, 226 La. 76, 75 So.2d 14, 17, these doctrines would not be applicable to a subsequent suit by the present plaintiff upon the cause of action allegedly arising from defendant's direct authorization to afford treatment to the injured employee, becauseamong other reasonshe could not be said to have waived it in the present suit when he has sought to assert it herein, unsuccessfully (so far as overruling the peremptory exception) only because of the lack of necessary allegations.
And the jurisprudence uniformly holds that a judgment sustaining an exception of no cause of action on the ground of insufficient allegations without a trial on the merits is, in effect, a judgment of nonsuit and does not bar a subsequent suit in which allegations omitted in the original suit supply the cause of action. Woodruff v. Producers' Oil Co., 142 La. 368, 76 So. 803; Catalano v. Pritchard, 2 Cir., 19 La.App. 262, 140 So. 100; Smardon v. Broussard, *528 1 Cir., 6 La.App. 579; 27 C.J.S. Dismissal and Nonsuit § 73, p. 254.
In an answer to the appeal the defendant-appellee prays for affirmance of the District Court judgment sustaining the exception of no cause of action and, alternatively, that the appellee's exception of misjoinder of parties defendant and its plea to the jurisdiction ratione personae be sustained.
The latter exception was pleaded in the trial court simultaneously and in a series with the dilatory exception of misjoinder of parties defendant and with the peremptory exception of no cause of action. Although the other dilatory exception was required by Article 333, C.P. to be filed simultaneously with the dilatory exception to the jurisdiction ratione personae, the failure to plead the former in the alternative toand likewise the filing of the peremptory exception simultaneously withthe aforesaid plea to the personal jurisdiction constitute, under the jurisprudence, a waiver of this latter plea as being appearances for purposes other than to contest the jurisdiction of the court, thus subjecting the defendant to the jurisdiction thereof. Mitchell v. Gulf States Finance Corp., 226 La. 1008, 78 So.2d 3; George W. Garig Transfer, Inc., v. Harris, 226 La. 117, 75 So.2d 28, noted 15 La.L.Rev. 849; State v. Younger, 206 La. 1037, 20 So.2d 305.
But, further, by the causes of action expressed by the original petition the debtors are solidarily liable so as to subject defendant-appellee to suit at its co-debtor defendant's domicile. Article 165(6), C.P. For they are each liable for the same medical expensesthat is, "obliged to the same thing," Article 2091, LSA-C.C.by these allegations: the employee because they were furnished to him and the insurer, by reason of, for example, its agreement with the employee of which the plaintiff is the third-party beneficiary.[1] As distinguished from the "perfect solidarity" that arises when the debtors bind themselves by the same act at the same time to the performance of the same thing, the similar liability of these debtors binding themselves to the payment of the same debt by different acts at different times is denoted by our jurisprudence as one of "imperfect solidarity". Cline v. Crescent City R. Co., 41 La.Ann. 1031, 6 So. 851; Gay & Co. v. Blanchard, 32 La.Ann. 497. But, except in the application of prescription, the same legal effects flow from perfect and from imperfect solidarity. See authorities cited, Comment, "Solidary Obligations", 25 Tul.L.Rev. 217, 229-230.
Likewise, we feel that the exception of misjoinder of parties defendant must be overruled. The causes of action against two or more defendants may be cumulated in the same suit when they are "of cognate origin in which the defendants have a common interest in the matter to be judged and the issues of which can be decided in one judgment, thereby avoiding a multiplicity of suits", Mundy v. Gentilly Oaks, 228 La. 509, 82 So.2d 849, 854. Where several parties have a "common interest or liability in respect of the subject matter of the suit; * * * they may be joined as defendants, notwithstanding there is some distinction in plaintiff's claim against each defendant," Lykes Brothers Ripley S. S. Co., Inc., v. Wiegand Marionneaux Lbr. Co., 185 La. 1085, 171 So. 453, 456. By these tests, under the causes of action indicated by the petition, the present two defendants have sufficient community of interest to be joined in the same suit.
For the above and foregoing reasons, the judgment of the District Court herein sustaining defendant's "exception of no right *529 and cause of action" is affirmed insofar as it was sustained as to plaintiff's cause of action based upon the purported assignment of May 5, 1954 to him of the employee's claim for medical expenses against the defendant insurer; but it is reversed in all other respects; said exception, and defendant's exception of misjoinder of parties defendant and its plea to the jurisdiction ratione personae are overruled; and this case is remanded for further proceedings, not inconsistent with the views expressed herein. All costs of this appeal are to be paid by defendant-appellee; all other costs to await final disposition of these proceedings.
Affirmed in part; otherwise, reversed and remanded.
NOTES
[1] Of course, the employee's personal liability to pay the medical expenses would not have been discharged by the agreement of the defendant insurer to pay them for him, in the absence of the plaintiff creditor's express assent, Articles 2192, 2194, LSA-C.C.; Bonacorso v. Turnley, La.App. 1 Cir., 98 So.2d 295, even though the insurer also became liable for them.