JANVIER, Judge.
This matter comes before us on plaintiff’s appeal from a judgment which maintains a plea of res judicata and dismisses his suit. The issue is clearly stated by counsel for plaintiff in their brief as follows :
“The present suit is one filed by plaintiff-appellant against defendants-appel-lees arising out of a contract or contracts entered into while plaintiff-appellant was in the employ of defendants-appellees. The first suits, filed simultaneously, were met with an exception of no cause of action. The exception was sustained, the suits dismissed, and plaintiff-appellant did not appeal. ■ Subsequently, this suit was instituted against the same defendants and was met with an exception of res judicata. In their exception, defendants specifically pleaded the judgment entered in the first two suits (sustaining the exception of no cause of action) as res judicata to the present suit. Although defendants-appellees did not offer into evidence a copy of the judgment they pleaded, nor does one appear in the record before this Honorable Court, the Trial Court sustained the exception of res judicata and dismissed plaintiff’s suit.”
From the reasons given by the District Judge we find the facts to be that William M. Duke, the present plaintiff, sued Gregory-Salisbury & Company, Inc., Power-Strut Southern Service Company, Inc., now doing business as Gregory-Salisbury Metal Products Company, Inc., Herbert S. Gregory, individually and as an officer of the named defendant corporation, and Thomas M. Salisbury, alleging that the defendants are indebted to him under the terms of a written employment contract and an oral agreement. The named defendants filed a plea of res judicata, stating that in two suits entitled William M. Duke vs. Gregory-Salisbury & Company, Inc., No. 423-411, and William M. Duke vs. Power-Strut Southern Service Company, Inc., No. 423-412, Docket 4 of the Civil District Court for the Parish of Orleans, which were consolidated, the plaintiff had attempted to obtain a judgment on allegations which *860 cannot be distinguished from those which appear in this case, and that in those earlier consolidated cases judgment had been rendered dismissing plaintiff’s suit on an exception of no cause of action and that there had been no appeal.
While the record which is before us does not show that the judgment in the earlier consolidated cases maintained an exception of no cause of action, the briefs of counsel make it evident that those suits were dismissed on that exception.
The contention of counsel for plaintiff in the matter before us is that those exceptions were maintained for the reason that the Court felt that necessary allegations, which might have shown a cause of action and which possibly could have been made, were not made and that, therefore, we should apply the well-established rule that, where a suit is dismissed on an exception of no cause of action because of the absence of essential allegations which possibly could have been made, that judgment may not form the ground for sustaining a plea of res judicata in a later case.
In Dupre v. Consolidated Underwriters, 99 So.2d 522, the Court of Appeal, First Circuit, said:
“And the jurisprudence uniformly holds that a judgment sustaining an exception of no cause of action on the ground of insufficient allegations without a trial on the merits is, in effect, a judgment of nonsuit and does not bar a subsequent suit in which allegations omitted in the original suit supply the cause of action. Woodruff v. Producers’ Oil Co., 142 La. 368, 76 So. 803; Catalano v. Pritchard, 2 Cir., 19 La.App. 262, 140 So. 100; Smardon v. Broussard, 1 Cir., 6 La.App. 579; 27 C.J.S. Dismissal and Nonsuit § 73, p. 254.”
There is no doubt that various decisions involving pleas of res judicata have made it sometimes difficult to determine just what is necessary for the maintenance of such a plea. In fact, in XIX Louisiana Law Review, on page 390, the late Professor Henry G. McMahon wrote: “If there is anything in Louisiana which is not res judicata, it is the subject of res judicata itself.”
However, in determining whether a plea of res judicata should be sustained, we must first look to Article 2286 of our Civil Code which provides:
“The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”
It is conceded that the demand here and the demand in the earlier cases was between the same parties, as is the matter before us, and between them “in the same capacity”. We must, therefore, determine whether the demand is founded on the same cause of action, and, in view of the decision from which this appeal is taken, we have considered whether we might not act on the presumption of correctness which arises from the decision itself.
In Modern Appliance & Supply, Inc. v. Sapp, La.App., 200 So.2d 363, we said:
“There is a strong presumption that a trial court judgment is valid and that the trial judge acted upon proper evidence sufficient to serve as a basis for the judgment rendered [citing many authorities].”
However, counsel for appellant insist that the allegations in the record in the earlier consolidated cases and the reasons for judgment given in those cases will indicate that the causes of action there were not the same as the cause here, and counsel say that since that record in those earlier cases is not before us, we have nothing on which we can base the presumption of correctness.
*861 It is true that we have only the presumption of correctness, but if that presumption is to be overcome, it can result only from an examination of the earlier record and by a comparison by us of the allegations there and the reasons given with the allegations here and the reasons given by the District Judge in this case.
In his reasons for judgment the District Judge said:
“A close examination of the records hereinabove referred to convinces this Court that the suits are identical in that the present suit is founded on the same cause of action, demands the same thing and is between the same parties.”
That that consolidated record is not before us is due to the fault of appellant. Code of Civil Procedure, art. 2128. All that appellee was required to do was to have the District Judge in this case examine the records in the earlier cases and those records were before him since they were in the same court.
They are not before us and we have not the right to consider any parts of those records until they are brought before us in some manner.
In New Orleans Industrial Canal Land & Harbor Development Co., Inc., v. Kohler, 150 So. 874, we (Court of Appeal, Orleans) said:
“The pleas of res judicata and estoppel are based upon an alleged suit said to have been filed by the plaintiff against the defendant in the civil district court for the parish of Orleans under the No. 176635. The record in this suit was not offered in evidence and forms no part of the transcript. Defendant’s counsel relies, in this respect, upon the statement that we should take judicial cognizance of the records of the civil district court. It is sufficient to say in regard to these exceptions that defendant’s counsel is mistaken and that we do not take judicial notice of the records of courts of other jurisdictions. Cumberland Telephone & Tel. Co. v. St. Louis, etc., R. Co., 117 La. 199, 41 So. 492.”
Counsel for appellant insist that a mere reading of the allegations made in the case before us would indicate that the judgment below was incorrect, since it could have been rendered only if the “cause” which was stated in that first consolidated case was the same “cause” which is stated here, and that that could not be true, since, according to counsel, the petition in this suit clearly states a cause of action, whereas the earlier petitions did not and that, therefore, the maintenance of the plea of res judicata was not justified. But we cannot determine whether the first decision, which maintained the exception of no cause of action, was correct, nor have we the right here to determine its correctness. That decision became final as there was no appeal. Thus the only question before us is not whether that first judgment was correct, but whether there is anything before us upon which we can determine whether there is any difference between the allegations in the two suits. If there is not any difference, the plea of res judicata was properly maintained regardless of whether that first decision was correct.
Counsel argue that for another reason the plea of res judicata was improperly maintained. They say that since such a plea is good only where the causes of action are the same, it cannot possibly be maintained where, in the first suit, it is held that no cause of action is stated. They say that if there is no cause stated, then it cannot be said that the cause which is attempted to have been stated in the first suit is the same cause which is stated in the second.
If the plea of res judicata can never be maintained where the exception of no cause of action is maintained in the first suit, then many courts have wasted much effort and time in discussing the other questions involved when they merely could have refused to consider the pleas of res judicata on that ground.
*862 We have given some thought to the question of whether we should not ourselves determine whether the petition in this case fails to state a cause of action and ourselves interpose the exception of no cause of action and thus avoid the necessity of determining whether we must have before us the pleadings and the reasons for judgment in the earlier consolidated cases in order to give further consideration to the plea of res judicata.
The failure to disclose a cause of action may be noticed by an appellate court where the court feels that an exception based on that ground should be maintained. C.C.P. art. 927. However, if the exception should be interposed by us and should be •maintained, it would not permanently dispose of this controversy for, under the decisions cited earlier, the maintenance of an exception of no cause of action would not prevent the filing of still another suit. Consequently, we have determined that the interests of justice would best be served by an examination of the pleadings and reasons for judgment in the earlier consolidated cases.
We do not decide that the plea of res judicata was not properly maintained. We merely feel that it would be best to hold this question in abeyance until there can be brought before us the pleadings and the reasons referred to. We may ourselves require this additional partial transcript. Code of Civil Procedure, art. 2132. See, also, Cabral v. Victor & Provost, Inc., 181 La. 139, 158 So. 821, in which the Supreme Court said: “If we deemed it essential to a correct decision of this case to have the testimony before us, we would order a transcript of the testimony sent up, even if the appellant had not asked for it.” In Birdwell v. Birdwell, 214 La. 401, 37 So.2d 850, the Supreme Court said:
“ * * * Where the transcript has been made under the provision of the aforementioned act, as amended, the remedy of the appellee, if he has reason to complain of a defective transcript, is to cause the omitted part of the record to be filed as a supplemental transcript or point out the necessity of the omitted portion of the record to this Court in order that this Court may direct the appellant to file a supplemental transcript containing the necessary omitted portions of the record. Quaker Realty Company v. Posey, 130 La. 941, 58 So. 822; Brown v. Staples, 138 La. 602, 70 So. 529; Hayne v. Assessor, 143 La. 697, 79 So. 280.”
We repeat that it was the obligation of the appellant to include in the transcript filed on this appeal all proceedings which might be necessary for us to determine the question presented by the plea of res judicata. C.C.P. art. 2128.
Our conclusion is that appellant should have the right to file as a supplemental transcript, within the time that shall be allowed, the omitted pleadings and the written reasons for judgment in the records of the earlier consolidated cases, and that consideration of this appeal shall be held in abeyance.
It is, therefore, ordered that the appellant is allowed 30 days from this date in which to return to this Court as a supplemental transcript the pleadings and the trial judge’s written reasons for judgment in the records of the consolidated cases entitled William M. Duke vs. Gregory-Salisbury & Company, Inc., No. 423-411, and William M. Duke vs. Power-Strut Southern Service Company, Inc., No. 423-412, Docket 4 of the Civil District Court for the Parish of Orleans, to the end that this appeal máy be disposed of; appellant is to pay the cost of the supplemental transcript.
Supplemental transcript ordered.
APPENDIX
Within the thirty days granted the supplemental transcript was filed and we now say that a careful comparison of the petition in the earlier suit and the petition in this suit does not disclose to us any difference between the two, and we, there *863 fore, agree thoroughly with the District Judge who dismissed this suit on a plea of res judicata, saying: “A close examination of the records hereinabove referred to convinces this Court that the suits are identical in that the present suit is founded on the same cause of action, demands the same thing and is between the same parties.”
Accordingly, the judgment maintaining the plea of res judicata is affirmed and plaintiff’s suit is dismissed at his cost.
Affirmed.